### STATE v. MOSES.

1. Pending trial on a clerk of court's official bond at the suit of the State, verdict was rendered in another action on a second bond of the same officer, and the Circuit judge then granted leave to defendants to amend their answer by pleading such verdict. *Held*, that the motion was in effect for leave to plead *puis darrein continuance*, and leave so to plead will generally be granted on a proper showing, but it should always be upon the payment of costs.

2. The record in the action on the second bond may have been admissible in
   evidence in this action, but if breaches were established under the first
   bond, as *e. g.* failure to deposit the official funds in bank, the State would
   be entitled to judgment for the penalty for the use of such persons as were
   damaged by such breaches, notwithstanding judgment had been recovered
   on the second bond for the same defaults continued after its execution.
3. Where two bonds are successively given by a clerk of court during the
   same term of office, both sets of sureties may be liable to the State and to
   the aggrieved parties, provided defaults occur under both bonds and dam-
   ages result therefrom.

Before KERSHAW, J., Newberry, November, 1880.

The opinion fully states the case.

*Messrs. Jones & Jones* and *George S. Mower*, for appellant.

*Messrs. Moorman & Simkins*, contra.

March 4th, 1884.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The defendant Moses, having been
appointed clerk of the Court of Common Pleas for the county
of Newberry, on February 16th, 1875, entered into bond to the
plaintiff, with the defendants Michael Foot and John P. Kinard,
and William Mayes, the intestate of the defendant, Nancy Mayes,
as his sureties, conditioned for the faithful performance of the
duties of said office.   On March 10th, 1877, the defendant
Michael Foot applied to the county commissioners to be relieved
from his suretyship upon said bond,. and thereupon the said
Moses, on April 4th, 1877, executed a new bond, with Catherine
Moses, D. R. Phifer, Thomas P. Lane, P. Oliver and H. B.
Scott, as his sureties.

On October 1st, 1879, this action was commenced on the bond
first above stated, sundry breaches of which were assigned;
among others, that the said Moses had received large sums of
money in certain cases specified, which he had neither deposited
in bank, as required by law to do, nor turned over to his suc-
cessor, nor paid the same to the parties entitled thereto.   Pend-
ing the trial of this case, and before the close of the testimony,
the jury returned a verdict for the plaintiff in another case

brought by the plaintiff against said Moses and his sureties on the bond second above mentioned. Thereupon, an order was asked for and granted, permitting the answers in this case to " be so amended as to plead in bar to this action the recovery and verdict this day rendered," upon the second bond above mentioned. To which plaintiff's counsel duly excepted.

The Circuit judge was requested by the plaintiff's counsel to charge the jury as follows: " (1) That if the funds in the hands of defendant H. Claremont Moses, as clerk, are not found on deposit, as required by law, the presumption arises that the funds are no longer in his hands as clerk, thereby constituting a breach of the bond in suit. (2) That if they should find that a breach of the bond of H. C. Moses, Michael Foot and others was committed prior to April 4th, 1877, then the plaintiff is entitled to a verdict for the penalty of the bond. (3) That a failure by H. C. Moses to deposit the funds in his hands, as clerk, in some national or State bank in the Seventh Judicial Circuit, would constitute a breach of the bond in suit, if such failure occurred before April 4th, 1877. (4) That the verdict in the suit on the bond on which Mrs. Catherine Moses, David R. Phifer, Thomas P. Lane, Peter Oliver and Harry B. Scott are sureties for H. C. Moses, as clerk, does not bar this action."

These requests were refused, and the jury were instructed: 1st. That the verdict in the action on the second bond barred a recovery in this action. 2d. " That they were to inquire whether, as a fact, there had been any substitution of a new bond for the bond under consideration; and, if so, they were to find, from the evidence, the date of such substitution. That if it be true that there was a substitution, the effect was to release the old bond from all liability for acts subsequent to date of such substitution. 3d. That a recovery on the second bond, upon a claim for damages, founded on certain allegations, barred a recovery on the first bond upon a like claim for same damages, founded upon the same allegations. That if the breaches and damages resulting therefrom, set forth in this action, were the same as those for which a recovery had already been obtained in the other action, then there should not be a recovery in this action. That the case might be different had some damages other than those for

which a verdict had already been rendered, been alleged and proved as resulting from a breach or breaches of the bond. That this being a civil action, it was not sufficient for a recovery that there had been some technical breach of the bond prior to April 4th, 1877, as, for instance, a failure to make regular returns to the court, or to deposit funds in a national or State bank. It was necessary for the plaintiff to go further, to allege and prove some specific damages resulting from such breach or breaches, and such damages must be other than those for which a recovery had already been had."

To this charge and the refusal to charge, the plaintiff's counsel duly excepted, and a verdict having been rendered in favor of defendants, and judgment entered thereon, the plaintiff appeals upon numerous grounds set out in the record. We do not deem it necessary to state, specifically, the various grounds of appeal, but will consider the several questions made by the appeal, except that made by the second ground, which has been abandoned: 1st. As to the order granting leave to amend the answers. 2d. As to the admissibility of the verdict in the action on the second bond, and its effect. 3d. As to the effect of the failure to deposit the money collected by Moses, as clerk, prior to the execution of the second bond, in bank, as required by law.

We cannot say that there was any error in law on the part of the Circuit judge in granting the defendants leave to amend their answers by pleading the verdict recovered in the action on the second bond in bar to a recovery in this action, unless it be in failing to annex terms—the payment of the costs accrued up to that time. But, under the view which we take of the case, this is not a matter of practical importance, and does not warrant any extended observation or call for any specific ruling. The application was, in effect, for leave to plead *puis darrein continuance*, and such leave will generally be granted upon a proper showing, but it should always be upon the payment of costs.

Nor can we say that the record in the action on the second bond was not admissible in evidence, as it might be competent for certain purposes. The main question, however, is as to the effect of it. Did it bar a recovery in this action? This, it will

be observed, is an action brought by the State to recover judgment for the penalty of an official bond, and if it is established that there has been a breach of the condition of such bond, the judgment must go for the penalty, which will stand as a security for all persons who may be able to establish any damages which they have sustained by reason of such breach of the condition of the bond, according to the practice indicated in *State* v. *Moses,* 18 *S. C.* 366. This is in strict accordance with the terms of the contract of the parties. The obligors bind themselves, under a designated penalty, that the officer shall perform all the duties required of him by law; and if he fails to perform any one or more of such duties then the contract is broken and the obligee (the State) is entitled to judgment for the amount agreed upon as the penalty for the breach of such contract. What amount of damages any aggrieved person may be entitled to by reason of the breach of the condition of the bond, given for the protection of the public generally, is a totally distinct and different question, to be determined in the mode above indicated.

If, therefore, the defendant Moses had received money, as clerk, and failed to deposit it in bank, as required by law, before the execution of the second bond, or, if before that time he had committed any other breach of the condition of his official bond, then the plaintiff unquestionably was entitled to judgment against him for the penalty of his bond, even though judgment had been recovered on his second bond for a similar default. It is an entire mistake to suppose that the second bond was a substitution for the first, in the sense that it operated a release of the sureties on the first bond from all liability. The act of March 24th, 1875, (15 *Stat.* 942,) expressly provides that the sureties upon the first bond " shall be released from responsibility for all acts or defaults of such officer which may be done or committed subsequent to the approval of such new bond. So that the act does not purport even to release the sureties from liabilities incurred prior to the giving of the new bond, to say nothing as to the question whether the legislature would have the power to release a party from the consequences of a breach of his contract after such breach had been committed.

If, therefore, Moses committed any breach of his official bond prior to the giving of the second bond, either by failure to deposit in bank moneys collected by him officially, or otherwise, such default would render the sureties on the first bond liable to judgment for the penalty which would stand as security for any damages which any party aggrieved might be able to establish by proper proceedings for that purpose. And if such default continued after the second bond was given, the sureties on that bond would also be liable, as we have held in the case of the *State* v. *Moses, supra.* Which set of sureties would be primarily liable, as between themselves, is not a question in this case, and need not, therefore, be considered here; but both sets of sureties may be liable to the plaintiff and to the aggrieved parties, provided defaults have occurred under both bonds and any damages have resulted therefrom.

We think, therefore, that the Circuit judge erred in instructing the jury that the verdict in favor of the plaintiff, in the action on the second bond, barred a recovery in this action, and that he also erred in refusing plaintiff's second, third and fourth requests to charge, as set out above; but we do not think there was any error in refusing the first request to charge, for it may be that though the funds were not found on deposit, yet they may have been paid out according to law, and therefore the simple failure to find them on deposit was not, of itself, sufficient to establish a breach of the bond. So much of the judge's charge as relates to the subject of damages, whether both sets of sureties may not be liable for the same damages, resulting from the several breaches of the conditions of the two bonds, is not now properly before us, inasmuch as the persons claiming such damages do not now appear to be before the court. The only question in the case, as at present presented, is, whether there was a breach of the condition of the first bond before the second bond was given, and, if so, then the plaintiff is entitled to judgment for the penalty of the first bond, notwithstanding the fact that the plaintiff has already recovered judgment for the penalty of the second bond. When parties come in by proper proceedings to establish any damages alleged to have been sustained by reason of the breach of the condition of either or both of the

bonds, these questions will then properly arise and can then be determined.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.